UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RELIANT TRANSPORTATION, INC., | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OF LAW<br>) IN SUPPORT OF DEFENDANTS'<br>) MOTION TO DISMISS |
| DIVISION 1181 AMALGAMATED TRANSIT<br>UNION – NEW YORK EMPLOYEES<br>PENSION FUND, *et al.* | ) Case No. 1:18-cv-04561-ILG-SMG |
| Defendants. | ) |

Defendants the Division 1181 Amalgamated Transit Union – New York Employees Pension Fund (the "Fund"), Neil Strahl ("Trustee Strahl"), Neil Mancuso ("Trustee Mancuso"), Corey Muirhead ("Trustee Muirhead"), and Stanley Brettschneider ("Trustee Brettschneider"),[1] by and through undersigned counsel, respectfully submit this Memorandum of Law in Support of their Motion to Dismiss (the "Motion") the Complaint (ECF #1) (the "Complaint" or "Compl.") filed by Plaintiff Reliant Transportation, Inc. ("Reliant").

As set forth below, this lawsuit arises out of Reliant's complaints that it has not been successful in having a representative of Reliant appointed as an Employer Trustee on the Fund. Reliant expressly acknowledges that it seeks to have a representative appointed in order to protect Reliant's own interests – not the Fund's – notwithstanding that the Fund is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA").

---

[1] Trustees Strahl, Mancuso, Muirhead, and Brettschneider are collectively referred to below as the "Employer Trustees." The Fund and the Employer Trustees are collectively referred to below as Defendants.

Reliant brings two claims under state law – one for breach of trust and another for breach of fiduciary duty. Both of these claims must be dismissed for two reasons. For one thing, both of these claims are preempted by ERISA. For another, these claims are contingent upon the Employer Trustees owing some type of duty to Reliant, which they do not. To the contrary, under ERISA and the Fund's Restated Agreement and Declaration of Trust (the "Trust Agreement"), the Employer Trustees are required to discharge their duties *solely* in the interests of the Fund's participants and beneficiaries, and not in the interest of the Fund's contributing employers, such as Reliant.

Reliant's other claim arises under ERISA. However, this also fails to state a claim upon which relief may be granted because the section of ERISA under which Reliant purports to bring the cause of action does not cover this type of claim. To the extent Reliant claims to bring its action under ERISA's general civil enforcement statute, it lacks standing to do so. Accordingly, Reliant has stated no actionable claim under ERISA.

As a result, because all three of Reliant's causes of action fail to state claims upon which relief may be granted, the Complaint should be dismissed with prejudice.

## I. Factual Background

### A. The Trust Agreement

The Fund is established and maintained pursuant to the Trust Agreement, a true and correct copy of which is attached as Exhibit 1 to the Declaration of Richard S. Siegel (the "Siegel Dec."), which is being filed herewith.[2]

---

[2] As discussed below, the Court may consider the Trust Agreement for a number of reasons including that: (a) it is referenced and even quoted throughout the Complaint (e.g., Compl. ¶¶ 19-29); and (b) documents that govern ERISA plans, such as the Trust Agreement here, are properly considered on a motion to dismiss ERISA claims of this type because those documents are integral to Reliant's complaint.

Article II, Section 2 of the Trust Agreement explains that the purpose of the "Trust shall be to provide pension and related benefits to Participants and Beneficiaries benefits pursuant to the Agreement and Plan and in accordance with applicable law." (Ex. 1 to the Siegel Dec., p. 5).

Article III sets forth the procedures for the appointment and removal of the Fund's Trustees, including the Employer Trustees. (*Id.* at pp. 5-8). Section 1 provides that "[t]he Fund shall be administered by the Board of Trustees that shall consist of eight (8) Trustees, four (4) of whom represent Employers ('Employer Trustees'), and four (4) of whom represent the Union ('Union Trustees')." (*Id.* at p. 5). Nothing under this Section, or any other section, provides that in order to "represent Employers," an Employer Trustee must be presently employed by a contributing employer to the Fund. (*Id.*).

Article III, Section 4 provides that "[e]ach Trustee shall continue to serve during the existence of this Agreement and Plan until his or her death, incapacity, resignation or removal." (*Id.* at p. 6). Significantly, nothing under the Trust Agreement requires the removal of an Employer Trustee simply because the Employer Trustee is not currently employed by a contributing employer to the Fund. (*Id.* at pp. 5-8).

Article III, Section 7(a) describes the procedures for the removal of an Employer Trustee, stating that "[a]n Employer Trustee may be removed from the Board of Trustees by a written notice submitted to the Chairman and Secretary of the Board of Trustees by the remaining Employer Trustees at least thirty (30) days prior to the effective date of the removal." (*Id.* at p. 6; Compl. ¶ 23).

Article IX, Section 4 provides that "all questions pertaining to [the Trust Agreement]'s validity, construction and administration shall be determined in accordance with ERISA." (Ex. 1 to the Siegel Dec., p. 19).

3

B.  **Reliant's Allegations**

Reliant brings three causes of action. Claim I is for "Breach of Trust," which, although not expressly stated, is presumed to arise under New York state law.[3] (Compl. ¶¶ 35-42). Specifically, Reliant alleges that "[t]he Trust Agreement is a valid, enforceable contract to which Reliant, as a participating contributor in the Fund, was a beneficiary." (*Id.* ¶ 36).

Claim II alleges a generic "violation of ERISA." (*Id.* ¶¶ 43-47). Specifically, Reliant claims that it is bringing this claim "[u]nder ERISA Section 4301, 29 U.S.C. § 1451," which it contends provides that "a plan employer that is adversely affected by the act or omission of a party with respect to a multiemployer pension plan is entitled to bring an action for legal or equitable relief." (*Id.* ¶ 44).

Claim III alleges a cause of action for breach of fiduciary duty that is expressly stated as arising under New York state law. (*Id.* ¶¶ 48-53). Reliant claims that "the Fund owed fiduciary duties to the participating employers and the employee and retiree beneficiaries." (*Id.* ¶ 49). Reliant claims that those duties were breached because "the Fund has not complied with the Trust Agreement." (*Id.* ¶ 50). As a result, "Reliant's interests (and the interests of other participating employers and the employee and retiree beneficiaries) have not been protected properly by the Trustees." (*Id.* ¶ 51).

Reliant alleges that in 2011, it assumed contracts with the New York City Department of Education ("DOE"), that "require[] Reliant to participate in the Fund by making monthly contribution payments to the Fund, in specified amounts" (*id.* ¶¶ 9-13), and that it has become "the

---

[3] Although nothing in Claim I references ERISA (Compl. ¶¶ 35-42), in the event Reliant contends it nevertheless arises under ERISA, Reliant has failed to state a claim upon which relief may be granted for the reasons stated with respect to Claim II in Section III.B., *infra*. Defendants further submit that nothing under ERISA authorizes the type of breach of contract claim that Plaintiff purports to bring in Claim I.

4

largest contributor to the Fund." (*Id.* ¶ 14). In light of this alleged status as the Fund's "largest contributor," Reliant brings this lawsuit because it "does not have an Employer Trustee representative on the Fund's Board of Trustees." (*Id.* ¶ 15).

Specifically, Reliant alleges that by not having "a voice within the Board of Trustees," then Reliant is "place[d] in precarious situations . . . ." (*Id.* ¶ 16). As one "example," Reliant claims that it "faces a growing risk of an overwhelming ERISA withdrawal liability assessment . . . in the event Reliant withdraws from the Fund." (*Id.* ¶ 17). Reliant claims that due to its lack of representation among the Employer Trustees, it is "unable to protect the Fund, its employees, itself or similarly situated employers from . . . potentially devastating and unnecessary consequences due to the fact that it has no say in the Board of Trustees' policies and decisions related to withdrawal liability and other pension-related issues." (*Id.* ¶ 18).

In particular, Reliant claims the "risk" that it would be required to pay withdrawal liability to the Fund "poses a threat to the contribution base and stability of the Fund, affects Reliant's employees who depend on the Fund for their retirement, and impacts Reliant." (*Id.* ¶ 17). Reliant provides no explanation as to how the possibility that Reliant might have to pay withdrawal liability to the Fund would negatively impact the Fund, or its participants and beneficiaries.

With respect to the Trust Agreement, Reliant complains that the Fund's contributing employers, such as Reliant, "do not have the ability to remove or replace the Employer Trustees, as this power is vested only in the other Employer Trustees," and that "[t]here is no mechanism for removal of an Employer Trustee, appointment of a successor Employer Trustee or filling of an Employer Trustee vacancy by the [Fund's contributing e]mployers." (*Id.* ¶¶ 22, 29).

Reliant also alleges that "[d]uring relevant times the current Employer Trustees have included at least two members who are not properly Employer Trustees under the [Trust]

5

Agreement" because Trustee Brettschneider "has not been a representative of an 'Employer' under the Trust Agreement for more than 10 years," and Trustee Mancuso "is the president of a company that is not a contributing employer, and therefore does not meet the definition of Employer." (*Id.* ¶ 30). Fatal to this complaint is that nothing in the Trust Agreement requires Employer Trustees to be currently employed by a contributing employer.

Reliant contends that it has made multiple unsuccessful efforts to "pursue placing a Reliant representative as an Employer Trustee," but "the Fund and Employer Trustees refused to permit Reliant to appoint a representative to serve as an Employer Trustee or to fill the Employer Trustee position with an otherwise proper representative." (*Id.* ¶¶ 31, 32-34).

## II.     Standard of Review

"To survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Kraus v. Prof'l Bureau of Collections*, 281 F. Supp. 3d 312, 316 (E.D.N.Y. 2017) (Glasser, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (other internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Elliot-Leach v. N.Y.C. Dep't of Educ.*, 201 F. Supp. 3d 238, 242 (E.D.N.Y. 2016) (Glasser, J.) (quoting *Iqbal*, 556 U.S. at 662) (internal quotation marks omitted). "However, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,' and pleadings that 'are no more than conclusions . . . are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556

6

U.S. at 679). In this regard, "the pleading must include more than legal conclusions, 'a formulaic recitation of the elements of a cause of action,' and 'naked assertions.'" *Pediford-Aziz v. City of N.Y.*, 170 F. Supp. 3d 480, 484 (E.D.N.Y. 2016) (Glasser, J.) (quoting *Iqbal*, 556 U.S. at 678)).

"In deciding a Rule 12(b)(6) motion, . . . the Court may consider, in addition to the facts stated in the complaint, 'any written instrument attached to the complaint,' as well as 'documents possessed by or known to the plaintiff and upon which it relied in bringing the suit.'" *Kraus*, 281 F. Supp. 3d at 316 (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

Furthermore, it is well established that, in ERISA cases of this type, "the Court may consider the plan documentation submitted by defendants here, because the plaintiffs' claims are based upon the ERISA plans and the plan documents plainly are integral to plaintiffs' complaint." *DeSilva v. N. Shore-Long Island Jewish Health Sys.*, 770 F. Supp. 2d 497, 545 n.22 (E.D.N.Y. 2011). *See also Angstadt v. Empire HealthChoice HMO, Inc.*, No. 15-CV-1823 (SJF)(AYS), 2017 U.S. Dist. LEXIS 40406, at *8 n.3 (E.D.N.Y. Mar. 16, 2017) ("The Court can properly consider the plan documents on defendants' motion to dismiss because the plaintiffs' claims are based upon the ERISA plans and the plan documents plainly are integral to plaintiffs' amended complaint.") (internal quotation marks and brackets omitted); *Star Multi Care Servs. v. Empire Blue Cross Blue Shield*, 6 F. Supp. 3d 275, 283 n.2 (E.D.N.Y. 2014) (considering ERISA plan documents on motion to dismiss because "plaintiff's claim is based upon an ERISA plan. Therefore, the plan documents submitted by [defendant] are integral to plaintiff's complaint.").

## III. Argument

### A. Reliant's State Law Claims Must Be Dismissed

#### 1. Reliant's State Law Claims Are Preempted by ERISA

As noted above, Claim I is for breach of trust, which is presumed to arise under New York state law (although no source of law is expressly stated in the Complaint),[4] and Claim III is for breach of fiduciary duty, which is expressly pled as arising under New York state law. Both of these claims are preempted by ERISA and, therefore, must be dismissed.

ERISA § 514(a) provides, in pertinent part, that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144(a). As the Second Circuit recently explained, this is "a broadly worded preemption clause . . . [t]he 'basic thrust' of [which] is to 'avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans.'" *Arnone v. Aetna Life Ins. Co.*, 860 F.3d 97, 106 (2d Cir. 2017) (quoting *Concerned Home Care Providers, Inc. v. Cuomo*, 783 F.3d 77, 88 (2d Cir. 2015)).

As this Court has recognized, under ERISA's broad preemptive power, "[a] state law is preempted even though it does not refer to ERISA or ERISA plans if it has a clear connection with a plan in the sense that it mandates employee benefit structures *or their administration* or provides alternative enforcement mechanisms." *Cement & Concrete Workers Dist. Council Welfare Fund v. Frascone*, 68 F. Supp. 2d 166, 172 (E.D.N.Y. 1999) (Glasser, J.) (quoting *Plumbing Ind. Bd. v.*

---

[4] In the event that Plaintiff contends that the claim for breach of trust arises under the law of some state other than New York, it is equally preempted regardless. As noted above, if Plaintiff instead contends that Claim I arises under ERISA – even though nothing in Claim I references ERISA (Compl. ¶¶ 35-42) – it fails to state a claim upon which relief may be granted for the same reasons as those stated in Section III.B., *infra*, with respect to Claim II.

*E.W. Howell Co.*, 126 F.3d 61, 67 (2d Cir. 1997)) (emphasis added) (internal quotation marks and brackets omitted).

In particular, the Second Circuit has noted that in determining whether a state law is preempted, there "is a focus on the core ERISA entities: beneficiaries, participants, administrators, employers, trustees and other fiduciaries, and the plan itself." *Gerosa v. Savasta & Co.*, 329 F.3d 317, 324 (2d Cir. 2003). As now-Justice Sotomayor explained:

> the key to understanding the preemptive force of ERISA is recognizing that ERISA "comprehensively regulates certain relationships: ***for instance, the relationship . . . between plan and employer, . . . and between plan and trustee***." . . . [These] relationships are at the heart of the civil enforcement scheme of [ERISA] § 502 -- that is, § 502 is meant to provide a judicial vehicle for adjudicating disputes surrounding those relationships that are of concern to ERISA.

*E. States Health & Welfare Fund v. Philip Morris*, 11 F. Supp. 2d 384, 405 (S.D.N.Y. 1998) (Sotomayor, J.) (quoting *Gen. Am. Life Ins. Co. v. Castonguay*, 984 F.2d 1518, 1521 (9th Cir. 1993)) (emphasis added). Of course, because Reliant's state law claims address whether the Employer Trustees have properly administered the Trust Agreement, they obviously go to those core entities and relationships – namely the relationship between the Fund and the Trustees and between the Fund and its contributing employers (including Reliant).

ERISA's broad preemptive power extends beyond statutory law; it also encompasses common law actions. "A state common law action which merely amounts to an alternative theory of recovery for conduct actionable under ERISA is preempted." *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 288 (2d Cir. 1992). Thus, the Second Circuit has consistently preempted state common law actions that arise from the administration of an ERISA plan. *See, e.g.,, Pirro v. Nat'l Grid*, 590 F. App'x 19, 22 (2d Cir. 2014) ("Plaintiffs allege common-law breach of contract and fraud. . . . Plaintiffs' common-law claims are preempted by ERISA § 514, which provides that 'the provisions of this subchapter . . . shall supersede any and all State laws

9

insofar as they may now or hereafter relate to any employee benefit plan' . . . . Because Plaintiffs' breach of contract and fraud claims relate to Defendants' administration of an employee benefit plan, they are preempted by § 514.") (quoting ERISA § 514(a)); *Bd. of Trs. of the Local 295/Local 851-IBT Emplr. Grp. Pension Fund v. Callan Assocs., Inc.*, No. 98-7889, 1999 U.S. App. LEXIS 4364, at *9 (2d Cir. Mar. 17, 1999) ("With respect to the Funds' state law claims for malpractice, breach of contract and breach of fiduciary duty, we conclude that these claims are preempted by § 514(a) of ERISA, 29 U.S.C. § 1144(a). . . . The Funds' state law claims are based on the same conduct alleged to be actionable under ERISA and, in fact, were plead in the alternative. . . . Accordingly, the Funds' state law claims are preempted.").

Thus, because Plaintiffs' state law claims arise from the Employer Trustees' administration of the Fund, and go to the core ERISA relationships between the Fund, the Employer Trustees, and the contributing employers, those state common law claims are preempted by ERISA and must be dismissed.

### 2. Reliant's State Law Claims Fail Because the Employer Trustees Owe No Duty to Reliant

Even if they were not preempted (which they are), Reliant's state law causes of action nevertheless fail to state a claim upon which relief may be granted because both claims are dependent upon the Defendants owing a duty to Reliant when, as a matter of law, no such duty is owed.

Reliant claims to have standing to bring Claim I (Breach of Trust) by arguing that "[t]he Trust Agreement is a valid, enforceable contract to which Reliant, as a participating contributor in the Fund, was a beneficiary." (Compl. ¶ 36). As this Court has recognized, "[i]n New York a third party may enforce a contract [only] if that third party is an intended beneficiary of the contract." *United Derrickmen & Riggers Ass'n Local Union No. 197 v. Local No. 1 Bricklayers & Allied*

10

*Craftsman*, 119 F. Supp. 2d 168, 173 (E.D.N.Y. 2000) (Glasser, J.) (citing *Mortise v. United States* 102 F.3d 693, 697 (2d Cir. 1996) and *Flickinger v. Harold C. Brown & Co.*, 947 F.2d 595, 600 (2d Cir. 1991)).  However, in order to be a third-party beneficiary, the alleged beneficiary "must demonstrate that the parties to the contracts intended to benefit third parties . . . . The parties' intent to benefit a third party must be shown on the face of the agreement." *Id.* at 174.

With respect to Claim III (Breach of Fiduciary Duty), Reliant alleges that "[a]t all relevant times, the Fund owed fiduciary duties to the participating employers and the employee and retiree beneficiaries." (Compl. ¶ 49).  "Under New York law, '[t]he elements of a claim for breach of a fiduciary obligation are: (i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom.'" *Infanti v. Scharpf*, 2013 U.S. Dist. LEXIS 63733, at *8 (E.D.N.Y. May 3, 2013) (Glasser, J.) (quoting *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 138 (2d Cir. 2011)).

Thus, even if its state law claims were not preempted, Reliant must plausibly allege that: (a) it is an intended beneficiary of the Fund's Trust Agreement (with respect to Claim I); and (b) it was owed a fiduciary duty by the Defendants (with respect to Claim III).  This it simply cannot do because, on its face, the Trust Agreement expressly states that it exists for the benefit of the Fund's participants and beneficiaries, and not for the benefit of the Fund's contributing employers, such as Reliant.  In this regard, under Article II, Section 2 of the Trust Agreement states that "[t]he purpose of this Trust shall be to provide pension and related benefits to Participants and Beneficiaries benefits pursuant to the Agreement and Plan and in accordance with applicable law." (Ex. 1 to the Siegel Dec., p. 3).  Thus, on its face, the Trust Agreement provides that it exists for the benefit of the Fund's participants and beneficiaries, and not for the benefit of employers generally or, in particular, Reliant.

Moreover, even if the Trust Agreement was not so explicit, Reliant's state law claims would still fail as a matter of law because the Employer Trustees are legally prohibited from acting in the interests of Reliant or any of the other contributing employers when they act with respect to the Fund. In this regard, ERISA § 404(a)(1)(A), requires ERISA fiduciaries – such as the Employer Trustees here – to act "**solely** in the interest of the [plan's] participants and beneficiaries and . . . for the **exclusive** purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1)(A) (emphasis added). "This statutory duty of loyalty has been described by [the Second Circuit] as requiring that a fiduciary act . . . with an 'eye single to the interests of the participants and beneficiaries.'" *State St. Bank & Tr. Co. v. Salovaara*, 326 F.3d 130, 136 (2d Cir. 2003) (quoting *Donovan v. Bierwirth*, 680 F.2d 263, 271 (2d Cir. 1982)). *See also Brock v. Ardito*, No. 86-0582-G, 1987 U.S. Dist. LEXIS 14184, at *11 (E.D.N.Y. May 22, 1987) (Glasser, J.) (noting "ERISA's fiduciary standards requiring [that] plan investments and activities be conducted solely in the interest and for the exclusive benefit of the participants and beneficiaries.").

Reliant's state law claims are contingent upon the Court finding that the Employer Trustees were required to act in the interests of Reliant in discharging their duties with respect to the Fund. Quite to the contrary, because of ERISA's duty of loyalty, the Employer Trustees are expressly prohibited, as a matter of law, from doing exactly what Reliant says they should be doing: acting in Reliant's interests. In fact, by requiring the Employer Trustees to discharge their duties solely in the interest of the Fund's participants and beneficiaries, it is understood that this may be to the detriment of the contributing employers, such as Reliant, because "ERISA *presumes* that the interests of the employer and the . . . plans are *adverse*." *Rothstein v. Am. Int'l Grp., Inc.*, 837 F.3d 195, 208 (2d Cir. 2016) (emphasis in original).

12

In this regard, Defendants respectfully submit that the relief that Reliant seeks is expressly prohibited by ERISA.  Reliant repeatedly acknowledges that it seeks to have a Reliant representative as a Trustee in order to protect *Reliant's interests*.  *See* Compl. at ¶ 16 ("Reliant's lack of a voice within the Board of Trustees places [Reliant] in precarious situations, particularly due to the fact that Reliant is the Fund's largest contributor."); ¶ 17 (an "example" of Reliant's "precarious situations" is that "Reliant faces a growing risk of" withdrawal liability); ¶ 18 ("Reliant effectively is unable to protect . . . itself" from the consequences of withdrawal liability); ¶ 51 ("Reliant's interests . . . have not been protected properly by the Trustees.").  If a Reliant representative was selected as an Employer Trustee, and that representative acted in Reliant's interests – which Reliant expressly concedes to be its desire – rather than solely in the interests of the participants and beneficiaries, that representative would breach his/her fiduciary duties under ERISA.  Obviously, Reliant is not entitled to have a representative placed on the Board of Trustees in order to violate ERISA by acting in Reliant's interests.  Thus, while Reliant's claims should be dismissed for all of the reasons stated herein, it is also clear that Reliant's claims lack merit.[5]

---

[5] The Fund respectfully submits that there are other aspects of the Complaint from which it is facially apparent that Reliant's claims are baseless.  For example, many of Reliant's allegations are premised on the claim that Trustees Brettschneider and Mancuso "are not properly Employer Trustees under the [Trust] Agreement." (*Id.* ¶ 30).  However, as noted above, Article III, Section 1 of the Trust Agreement provides only that Employer Trustees shall "represent Employers . . . ." (Ex. 1 to the Siegel Dec. at p. 5).  In its Complaint, Reliant has cited to absolutely nothing in the Trust Agreement, nor could it, that in order to "represent Employers," an Employer Trustee must be currently employed by a contributing employer.

The same is true with respect to Reliant's complaints that it has been unsuccessful in having a Reliant representative appointed as a Trustee.  Reliant has cited to nothing to in the Trust Agreement, nor could it, that obligates the Employer Trustees to appoint a representative of the Fund's allegedly largest contributing employer or appoint a representative of an employer simply because said employer requests such an appointment.  Rather, Reliant alleges only that "[t]he Trust Agreement further provides for any Employer Trustee vacancy must be filled by the Employer Trustees." (Compl. ¶ 27).  Thus, while Reliant's claims should be dismissed for all of the reasons stated herein, it is also apparent that its claims cannot withstand scrutiny.

### B.     Reliant's ERISA Claim Must Be Dismissed

Reliant's other cause of action is Claim II which is a vague claim captioned: "Violation of ERISA." (Compl. p. 8). Specifically, Reliant alleges that "[u]nder ERISA Section 4301, 29 U.S.C. § 1451, a plan employer that is adversely affected by the act or omission of a party with respect to a multiemployer pension plan is entitled to bring an action for legal or equitable relief." (*Id.* ¶ 44). This misstates the statute and reflects a fundamental misunderstanding of ERISA's civil enforcement mechanisms.

ERISA's general civil enforcement statute is ERISA § 502, 29 U.S.C. § 1132. In particular, ERISA §§ 502(a)(2) and (3) contemplate lawsuits against ERISA fiduciaries for the type of alleged fiduciary misconduct which Reliant (incorrectly) claims here. To wit, ERISA § 502(a)(2) authorizes lawsuits "for appropriate relief under" ERISA § 409, 29 U.S.C. § 1109, the latter of which holds ERISA fiduciaries liable for any damages caused to the plan as a result of a breach of their duties. Additionally, ERISA § 502(a)(3) authorizes lawsuits "(A) to enjoin any act or practice which violates any provision of [Title I of ERISA] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [Title I of ERISA] or the terms of the plan." 29 U.S.C. § 1132(a)(3).

However, there is an obvious reason why Reliant did not bring Claim II under Section 502, and that is because Reliant plainly lacks standing to do so. ERISA § 502(a)(2) only provides standing to "the Secretary [of Labor], or [] a participant, beneficiary or fiduciary . . . ." ERISA § 502(a)(3) only provides standing to "a participant, beneficiary, or fiduciary . . . ." Reliant does not fall under any of these categories, and case law clearly establishes that employers, such as Reliant, lack standing under this section. *See Tuvia Convalescent Ctr., Inc. v. Nat'l Union of Hosp. & Health Care Emps.*, 717 F.2d 726, 730 (2d Cir. 1983) ("[W]e hold that Tuvia, as an employer,

14

did not have standing to bring an action under section 1132 of ERISA."); *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 892 (2d Cir. 1983) ("[A]n employer, also not named in ERISA's jurisdictional provisions, may not bring suit under the Act."). Indeed, in two cases to which this Fund was a party, both Judge Feuerstein and Judge Spatt held earlier this year that employers lack standing under ERISA. *See Div. 1181 Amalgamated Transit Union - N.Y. Emples. Pension Fund v. B & M Escorts, Inc.*, No. 16-cv-2498 (SFJ)(SIL), 2018 U.S. Dist. LEXIS 119208, at *23 (E.D.N.Y. May 29, 2018) ("[B]ecause B&M is an employer . . . , it does not have standing to bring suit under ERISA.") (internal quotation marks omitted); *Div. 1181 Amalgamated Transit Union - N.Y. Emples. Pension Fund v. R & C Transit, Inc.*, No. 2:16-cv-02481 (ADS)(ARL), 2018 U.S. Dist. LEXIS 21011, at *11 (E.D.N.Y. Feb. 7, 2018) ("As an employer, R and C does not have standing to bring suit under ERISA.").

Undoubtedly aware of its lack of standing under ERISA § 502, Reliant appears to have scoured ERISA to find a section that provides standing to employers, without considering whether that section of ERISA contemplates cases of this type. In that process, Reliant apparently landed on ERISA § 4301(a), which it is notable that Reliant does not quote in its entirety. (Compl. ¶ 44). ERISA § 4301(a) actually provides that "[a] plan fiduciary, employer, plan participant, or beneficiary, who is adversely affected by the act or omission of any party *under this subtitle* with respect to a multiemployer plan, or an employee organization which represents such a plan participant or beneficiary for purposes of collective bargaining, may bring an action for appropriate legal or equitable relief, or both." 29 U.S.C. § 1451(a) (emphasis added).

The key words in ERISA § 4301(a) that Reliant conveniently omits are "under this subtitle." ERISA has various subchapters and subtitles. ERISA § 4301(a) is in Subtitle E of Subchapter III. Subtitle E – *i.e.* the subtitle contemplated by the "under this subtitle" language of

15

ERISA § 4301(a) – was added to ERISA by MPPAA. MPPAA deals virtually exclusively with matters related to withdrawal liability. To be sure, nothing under MPPAA establishes ERISA fiduciary standards. Rather, those are set by ERISA § 404, which is in Subtitle B of Subchapter I. As discussed above, lawsuits for violations of that statute are within the scope of ERISA §§ 502(a)(2) and (3) for which Reliant lacks standing, and not ERISA § 4301(a).

That then leaves the question: what type of lawsuits does ERISA § 4301(a) contemplate? The Supreme Court has answered that question, explaining:

> Section 1451 prescribes a variety of procedures for the governance of civil actions brought to enforce the MPPAA. . . . Subsection (a), headed "persons entitled to maintain actions," answers only a "standing" question -- who may sue for a violation of the obligations established by [MPPAA]'s substantive provisions. Subsection (a)(1) extends judicial remedies for violation of the MPPAA to a broad range of plaintiffs -- any "plan fiduciary, employer, plan participant, or beneficiary, who is adversely affected." But that provision does not make an "adverse effect" unlawful *per se* . . . .

*Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp.*, 522 U.S. 192, 203 (1997). In other words, while employers are granted standing by ERISA § 4301(a) to sue, any party bringing suit under that statute must bring suit for a substantive violation of another section of MPPAA only. *See also DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 510 (6th Cir. 2014) ("§ 1451(a)(1) confers no substantive rights but simply identifies who can pursue a civil action to enforce the sections governing multiemployer plans."); *B & M Escorts*, 2018 U.S. Dist. LEXIS 119208, at *23-24 ("[T]o the extent the Third-Party Plaintiffs rely on § 1451(a)(1) as a basis upon which to find the DOE liable to them . . . , that reliance is unavailing," because while it may provide them with standing, "[t]hat section does not provide the Third-Party Plaintiffs with a cause of action."); *Gerhardson v. Gopher News Co.*, No. 08-537 (JRT/JJG), 2009 U.S. Dist. LEXIS 90996, at *7 (D. Minn. Sep. 30, 2009) ("*Bay Area* confirms that § 1451 only provides a party standing to sue when they are adversely affected by a party's act or omission under Subtitle E.

16

Moreover, because adverse effects are not unlawful *per se*, plaintiffs must plead that they were adversely affected by some violation of a substantive provision in Subtitle E."); *Berwind Corp. v. Apfel*, 94 F. Supp. 2d 597, 613 (E.D. Pa. 2000) ("The phrase 'under this subtitle' refers to Subtitle E, 'Special Provisions for Multiemployer Plans.' Thus, § 1451 creates a private cause of action under ERISA only for violations of 29 U.S.C. §§ 1381 through 1453."); *Steiner Elec. Co. v. Cent. States, Se. & Sw. Areas Pension Fund*, No. 95 C 687, 1995 U.S. Dist. LEXIS 9178, at *15-16 (N.D. Ill. June 28, 1995) ("The phrase 'under this subtitle' refers to subtitle E, 'Special Provisions for Multiemployer Plans,' of subchapter III of chapter 18 of title 29. In other words, section 1451 creates a private cause of action only for violations of sections 1381 through 1453.").

Thus, while ERISA § 4301(a) could confer *standing* to Reliant under certain circumstances, it does not create an independent cause of action. Instead, for Reliant to have a cause of action under Section 4301(a), Reliant would have to plausibly allege a violation of some substantive portion of MPPAA – meaning a violation of ERISA §§ 4201 – 4303, 29 U.S.C. §§ 1381 – 1453. Absolutely nothing in the Complaint even attempts to do this. Conversely, if Reliant was to attempt to bring a cause of action under ERISA § 502(a), as discussed above, Reliant lacks standing to bring such an action. As a result, regardless of whatever source Reliant relies upon to allege a "violation of ERISA," Reliant has failed to state a claim upon which relief may be granted and Claim II must be dismissed.[6]

## IV. Conclusion

For the foregoing reasons, all three of Reliant's causes of action fail to state a claim upon which relief may be granted. Therefore, the Complaint should be dismissed with prejudice.

---

[6] As noted above, in the event that Reliant intends that Claim I (Breach of Trust) arises under ERISA, it likewise fails to state a claim upon which relief may be granted for these same reasons.

Dated: October 15, 2018 　　　　　　　Respectfully submitted,

<u>*/s/ Richard S. Siegel*</u>
Barry S. Slevin
Jeffrey S. Swyers (*pro hac vice*)
Richard S. Siegel (*pro hac vice*)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue NW, Suite 450
Washington, DC  20036
(202) 797-8700 (tel)
(202) 234-8231 (fax)
bslevin@slevinhart.com
jswyers@slevinhart.com
rsiegel@slevinhart.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 15, 2018, the within and foregoing Memorandum of Law in Support of Defendants' Motion to Dismiss was served via ECF which will provide notice of filing to all counsel of record.

                                                  /s/ *Richard S. Siegel*
                                                  Richard S. Siegel

20664079v9