UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

RELIANT TRANSPORTATION, INC., and SONNY CHAITRAM,

    Plaintiffs,

- against -

DIVISION 1181 AMALGAMATED TRANSIT UNION – NEW YORK EMPLOYEES PENSION FUND,

NEIL STRAHL, individually and as trustee of the DIVISION 1181 AMALGAMATED TRANSIT UNION – NEW YORK EMPLOYEES PENSION FUND,

NEIL MANCUSO, individually and as trustee of the DIVISION 1181 AMALGAMATED TRANSIT UNION – NEW YORK EMPLOYEES PENSION FUND,

COREY MUIRHEAD, individually and as trustee of the DIVISION 1181 AMALGAMATED TRANSIT UNION – NEW YORK EMPLOYEES PENSION FUND, and

STANLEY BRETTSCHNEIDER, individually and as trustee of the DIVISION 1181 AMALGAMATED TRANSIT UNION – NEW YORK EMPLOYEES PENSION FUND,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Civil Action No.: 1:18-cv-04561-ILG-SMG

## AMENDED COMPLAINT

Plaintiffs Reliant Transportation, Inc. ("Reliant") and Sonny Chaitram (collectively "Plaintiffs"), by and through counsel, files this Amended Complaint. In support, Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under Section 4301(c) of ERISA, 29 U.S.C. § 1451(c), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 4301(d) of ERISA, 29 U.S.C. § 1451(d).

## THE PARTIES

3. Reliant is a for-profit transportation company incorporated in Delaware, conducting business in the City of New York. Reliant is the student-transportation subsidiary of MV Transportation, Inc., which is a for-profit transportation company incorporated in California.

4. Defendant 1181 A.T.U. – New York Employees Pension Fund (the "Fund") is a multi-employer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. 1002(37) and 1301(a)(3), which provides retirement benefits to eligible participants.

5. Plaintiff Sonny Chaitram is an employee of Reliant and is a vested participant in the Fund. Plaintiff Chaitram is a resident of South Ozone Park, New York.

6. Upon information and belief, Defendant Neil Strahl is an Employer Trustee of the Fund.

7. Upon information and belief, Defendant Neil Mancuso is an Employer Trustee of the Fund.

8. Upon information and belief, Defendant Corey Muirhead is an Employer Trustee of the Fund.

9. Upon information and belief, Defendant Stanley Brettschneider is an Alternate Employer Trustee of the Fund.

## BACKGROUND

### A. Reliant Becomes a Participating Employer in the Fund

10. In August 2011 in an asset purchase transaction, Reliant assumed from USA United Fleet Inc. an existing bus fleet and four New York City Department of Education ("DOE") operation and maintenance contracts.

11. As a result, Reliant became party to multiple contracts with the DOE to provide school bus transportation services in the City of New York (the "DOE Contracts").

12. As part of its requirements, DOE effectively required Reliant to become a party to a collective bargaining agreement with the Amalgamated Transit Union Local 1181-1061, AFL-CIO (the "Union") as a condition of doing business with DOE.

13. In August 2011, Reliant assumed the 2009-2012 CBA, to which USA United Fleet Inc. previously was a party with the Union. Since that time, Reliant has agreed to extend the terms of the CBA, with various modifications not relevant to this lawsuit through June 2018 (the "CBA").

14. The DOE Contracts and the CBA, and all subsequent modifications thereto, required Reliant to participate in the Fund by making monthly contribution payments to the Fund, in specified amounts, on behalf of the employees covered by the CBA, for work performed pursuant to the DOE Contracts. Specifically, Section 14 of the 2009-2012 CBA states in relevant part that Reliant as an Employer is "bound to the terms of the Fund Agreement of Trust and the policies and procedures adopted by the Trustees." This provision remains in effect.

15. As a result, Reliant employees covered under the CBA, including Plaintiff Chaitram, are participants of the Fund, and Reliant is now the largest contributor to the Fund.

16. Despite its position as the Fund's largest contributor, Reliant does not have an Employer Trustee representative on the Fund's Board of Trustees.

3

17. Reliant's lack of a voice within the Board of Trustees places it and its employees who are participants in the Fund in precarious situations, particularly due to the fact that Reliant is the Fund's largest contributor.

18. For example, as the Fund's largest contributor, Reliant faces a growing risk of an overwhelming ERISA withdrawal liability assessment, estimated to be in excess of $100 million in the event Reliant withdraws from the Fund. This risk poses a threat to the contribution base and stability of the Fund, and directly affects Reliant's employees (including Plaintiff Chaitram) who depend on the Fund for their retirement, and impacts Reliant. This situation results directly from the Board of Trustees' previous retraction of the withdrawal liability exemption.

19. Consequently, Reliant effectively is unable to protect the Fund, its employees (including Plaintiff Chaitram), itself, or similarly situated employers from those potentially devastating and unnecessary consequences due to the fact that it has no say in the Board of Trustees' policies and decisions related to withdrawal liability and other pension-related issues.

**B.    The Fund's Trust Agreement and Composition**

20. The Fund operates pursuant to an agreement and declaration of trust ("Trust Agreement").

21. The Division 1181 A.T.U. – New York Employees Pension Plan, for which the Trust's funds are held and utilized, is a separate and distinct entity governed by its own agreement.

22. Pursuant to Section 14 of the CBA, Reliant is party to and obligated to perform under the Trust Agreement.

23. Pursuant to the CBA and the Trust Agreement, Reliant has expressly undertaken the obligation to make contributions to the Fund. (Trust Agreement, Art. VII (entitled "Contributions to the Fund").)

24. Pursuant to the Trust Agreement, the Trustees have the power to enforce Reliant's obligation to make contributions, including through legal proceedings. (Trust Agreement, Art. VII, Sec. 8.)

25. Pursuant to the Trust Agreement, Reliant expressly has undertaken additional obligations and liabilities. (Trust Agreement, Art. XIII (entitled "Employer Legal Obligations and Liabilities").)

26. Reliant is a party to and/or third-party beneficiary of the Trust Agreement.

27. Pursuant to Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), employees and employers must be equally represented in the administration of the Fund. *See* 29 U.S.C. § 186(c)(5). Thus, by law, the Trustees must be composed equally of union trustees and employer trustees. *Id.*

28. Pursuant to the Trust Agreement "[t]he Fund shall be administered by the Board of Trustees that shall consist of eight (8) Trustees, four (4) of whom represent Employers ("Employer Trustees") and four (4) of whom represent the Union ("Union Trustees")." Trust Agreement, Article III, Sec. 1.

29. The Trust Agreement defines "Employer" as "any employer that has a signed collective bargaining agreement or any other written agreement with the Union (and any amendments thereto or renewals thereof with the Union), or a written agreement with the Fund, obligating said employer to be bound to this Agreement, the Plan, and the actions of the Board of Trustees and to make Contributions to the Fund." Trust Agreement, Article I, Sec. 8(a). Under

the terms of the Trust Agreement, Employers do not have the ability to remove or replace the Employer Trustees, as this power is vested only in the other Employer Trustees.

30. The Trust Agreement provides that "(a)n Employer Trustee may be removed from the Board of Trustees by a written notice submitted to the Chairman and Secretary of the Board of Trustees by the remaining Employer Trustees at least thirty (30) days prior to the effective date of the removal." Trust Agreement, Article III, Section 7(a).

31. In contrast, the Trust Agreement provides for removal of a Union Trustee by the Union. Trust Agreement, Article III, Section 7(b).

32. The Trust Agreement further provides that "[i]f an Employer Trustee dies, becomes incapable of serving as a Trustee, resigns or is removed, the remaining Employer Trustees shall appoint a successor Employer Trustee by submitting a written appointment with the Chairman and Secretary of the Board of Trustees." Trust Agreement, Article III, Section 5(b).

33. In contrast, the Trust Agreement provides that a successor Union Trustee will be appointed by the Union. Trust Agreement, Article III, Section 5(a).

34. The Trust Agreement further provides that any Employer Trustee vacancy must be filled promptly by the Employer Trustees. Trust Agreement, Article III, Section 8(a).

35. In contrast, a Union Trustee vacancy is filled by the Union. Trust Agreement, Article III, Section 8(a).

36. There is no mechanism for removal of an Employer Trustee, appointment of a successor Employer Trustee or filling of an Employer Trustee vacancy by the Employers.

37. During relevant times, the current Employer Trustees have included at least two members who are not properly Employer Trustees under the Agreement. One such Employer

Trustee, Stanley Brettschneider, has not been a representative of an "Employer" under the Trust Agreement for more than 10 years, yet has been an "Employer Trustee" since at least 2012. One other such Employer Trustee, Neil Mancuso, is the president of a company that is not a contributing employer, and therefore does not meet the definition of Employer.

38. Despite Reliant's multiple requests to become an Employer Trustee and despite that there were not four *properly* serving Employer Trustees at the time of any of Reliant's requests (and in fact, not even four people serving as purported Employer Trustees), the Fund and Employer Trustees refused to permit Reliant to appoint a representative to serve as an Employer Trustee or to fill the Employer Trustee position with an otherwise proper representative.

39. Specifically, on August 12, 2014, a Reliant representative sent email correspondence to the Fund's counsel informing him that Reliant sought to pursue placing a Reliant representative as an Employer Trustee. The Fund's counsel responded that the Reliant representative should contact the Employer Trustees at the time: Neil Strahl, Neil Mancuso, and Stan Brettschneider.

40. On November 8, 2016, a Reliant representative again contacted the Fund's counsel to inquire about the current composition of the Employer Trustees. The Fund's counsel responded that the current Employer Trustees included Neil Strahl, Neil Mancuso, and Corey Muirhead.

41. On December 21, 2016, Reliant sent a formal letter to the Employer Trustees of the Fund, requesting that the Employer Trustees appoint a Reliant representative to fill the Employer Trustee vacancy on the Board of Trustees. The Fund's counsel responded that the Board of Trustees could not appoint a Reliant representative because there was no Employer

Trustee vacancy. Upon information and belief, this representation was false or misleading because the Fund did not have the required number of Employer Trustees at that time and did not have an equal number of Employer Trustees and Union Trustees.

## CLAIM I
## Breach of Trust

42. Plaintiffs reallege and incorporate herein by reference the allegations contained in Paragraphs 1 through 41 of this Complaint.

43. The Trust Agreement is a valid, enforceable contract to which Reliant, as a participating contributor in the Fund, was a party, beneficiary and/or a third-party beneficiary.

44. Plaintiff Chaitram is an employee of Reliant and a participant in the Fund.

45. Reliant has satisfied all obligations under the Trust Agreement and has satisfied any conditions precedent.

46. Under the Trust Agreement, among other duties, Defendants were obligated to establish and maintain the proper composition of the Board of Trustees, both in terms of Employer Trustee eligibility and the number of Employer Trustees serving on the Board of Trustees.

47. Defendants breached their obligations under the Trust Agreement in the following ways: maintaining improper Employer Trustees, both in composition and in size; failing to promptly fill an Employer Trustee vacancy; refusing to permit Reliant to appoint a representative to serve as an Employer Trustee or otherwise; and taking action that conflicts with Reliant's CBA and other employers' collective bargaining agreements with the Union.

48. As a result of Defendants' breach of duties owed to Plaintiffs, Plaintiffs have been subjected to the determinations of an improperly-constituted Board of Trustees (which has

refused to act in accordance with the Trust Agreement) and have been left without a voice in relation to the Fund, for which Reliant serves as the largest contributor.

49. Plaintiffs have no adequate remedy at law.

50. Accordingly, Plaintiffs are entitled to equitable and injunctive relief to ensure that the Trust is administered in accordance with the terms of the Trust Agreement.

## CLAIM II
### Violation of ERISA

51. Plaintiffs reallege and incorporate herein by reference the allegations contained in Paragraphs 1 through 50 of this Complaint.

52. Under ERISA Section 4301, 29 U.S.C. § 1451, a plan employer and/or plan participant that are adversely affected by the act or omission of a party with respect to a multiemployer pension plan are entitled to bring an action for legal or equitable relief.

53. The Fund's promise of equal and fair representation for Employer Trustees—like Reliant—was misrepresented and fraudulently given. In fact, the promise was meaningless in light of the effective lifetime appointment provision for Employer Trustees.

54. Further, the Fund engaged in misrepresentation and fraud when it refused to allow Reliant to appoint a representative to the Employer Trustees under the guise that there were no open positions for Employer Trustees, despite this being blatantly false. There were indeed open positions.

55. Accordingly, Plaintiffs are entitled to damages and equitable relief.

## CLAIM III
### Violation of ERISA
(By Plaintiff Chaitram)

56. Plaintiffs reallege and incorporate herein by reference the allegations contained in Paragraphs 1 through 55 of this Complaint.

9

57. Plaintiff Chaitram is a "participant" under Section 3 of ERISA. *See* 29 U.S.C. § 1002(7).

58. Defendants are "fiduciaries" under Section 3 of ERISA. *See* 29 U.S.C. § 1002(21); 29 U.S.C. § 1102(a).

59. The Fund is an "employee pension benefit plan" under Section 3 of ERISA. *See* 29 U.S.C. § 1002(2).

60. Under Section 502 of ERISA, a participant, beneficiary, or fiduciary may bring an action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]" 29 U.S.C. § 1132 (a)(3). The right to bring a civil action under Section 502 includes, in addition to the right to enforce the terms of the plan among other things, the right to bring a civil action "to redress *any* violation of the statutes fiduciary requirements." *Fin. Inst. Ret. Fund v. Office of Thrift Supervision*, 964 F.2d 142, 148 (2d Cir. 1992) (emphasis in original); *see also* 29 U.S.C. § 1104 (setting forth fiduciary duties).

61. Under ERISA Section 404(a)(1)(B) and (D), a fiduciary must discharge his duties, among other things, "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;" and "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III." 29 U.S.C. § 1104(a)(1)(B) and (D).

62. The Defendants' failure to appoint Employer-designated Trustees, failure to maintain the proper number of Employer Trustees, failure to maintain a Board of Trustees with equal representation of employers and employees as required by the LMRA, failure to promptly fill an Employer Trustee vacancy, refusal to permit Reliant to appoint a representative to serve as an Employer Trustee or otherwise, and misrepresentation of the status of vacancies within the Board of Trustees, and other actions that conflict with the Trust Agreement, Reliant's CBA, other employers' collective bargaining agreements with the Union, and applicable laws were a violation of ERISA and a breach of Defendants' fiduciary duties.

63. Plaintiff Chaitram's interests have not been adequately protected by the improperly constituted Board of Trustees.

64. Plaintiff Chaitram is entitled to equitable relief under ERISA § 502(a)(3), including, but not necessarily limited to, the removal and replacement of the Employer Trustees, along with any other equitable and injunctive relief to ensure that the Trust is administered in accordance with the terms of the Trust Agreement, ERISA, and other applicable law.

## CLAIM IV
## Breach of Fiduciary Duty under New York Law

65. Plaintiffs reallege and incorporate herein by reference the allegations contained in Paragraphs 1 through 64 of this Complaint.

66. At all relevant times, the Fund owed fiduciary duties to the participating employers and the employee and retiree beneficiaries.

67. As detailed above, the Fund has not complied with the Trust Agreement.

68. Plaintiffs' interests (and the interests of other participating employers and employee and retiree beneficiaries) have not been protected properly by the Trustees.

69. The Fund's noncompliance with the Trust Agreement and the law was rendered in bad faith, was arbitrary and unreasonable, and bore no relationship to the needs of the Trust's participating employers or beneficiaries.

70. Accordingly, considering Plaintiffs have no adequate remedy at law, this Court should remove and replace Employer Trustees, along with any other equitable and injunctive relief to ensure that the Trust is administered in accordance with the terms of the Trust Agreement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court remove and replace Employer Trustees because of their ongoing and intentional breaches of their duties as Trustees, to appoint a Reliant representative to serve as an Employer Trustee and to grant Plaintiffs such additional relief as this Court deems just and proper, including the Court's appointment of the remaining Employer Trustees or granting Reliant the ability to appoint Employer Trustees to the Fund's Board of Trustees.

Dated:  November 5, 2018

Respectfully Submitted,

HUNTON ANDREWS KURTH LLP

/s/ *Joshua S. Paster*
Kurt A. Powell (*admitted pro hac vice*)
Robert T. Dumbacher (*admitted pro hac vice*)
Bank of America Plaza, Suite 4100
600 Peachtree Street, NE
Atlanta, GA  30308
Telephone:  (404) 888-4000
Facsimile:  (404) 888-4190
kpowell@huntonak.com
rdumbacher@huntonak.com

- and –

Joshua S. Paster
200 Park Avenue, 52nd Floor
New York, New York  10166
Telephone:  (212) 309-1000
Facsimile:  (212) 309-1100
jpaster@hunton.com

*Counsel for Plaintiffs*

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 5, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to counsel of record.

*/s/ Joshua S. Paster*
Joshua S. Paster
Counsel for Plaintiffs