# EXHIBIT 1

# RESTATED AGREEMENT AND DECLARATION OF TRUST

## OF THE

## DIVISION 1181 A.T.U. - NEW YORK EMPLOYEES PENSION FUND

## **TABLE OF CONTENTS**

Page

ARTICLE I - DEFINITIONS ...........................................................................................3

ARTICLE II - NAME AND PURPOSE OF THE TRUST ..............................................5

ARTICLE III - TRUSTEES ............................................................................................5

ARTICLE IV - ORGANIZATION AND OPERATION OF THE BOARD OF TRUSTEES . ....8

ARTICLE V - MANAGEMENT AND ADMINISTRATION OF THE FUND AND PLAN ....9

ARTICLE VI - LIABILITY OF TRUSTEES, PAYMENT OF EXPENSES ..............................15

ARTICLE VII - CONTRIBUTIONS TO THE FUND ....................................................16

ARTICLE VIII - MULTIEMPLOYER PLAN................................................................19

ARTICLE IX - INTERPRETATION ..............................................................................19

ARTICLE X - TERMINATION .....................................................................................20

ARTICLE XI - ARBITRATION.....................................................................................20

ARTICLE XII - MISCELLANEOUS .............................................................................20

ARTICLE XIII - EMPLOYER LEGAL OBLIGATIONS AND LIABILITIES .........................21

ARTICLE XIV - EMPLOYEES' RIGHTS .....................................................................22

## DIVISION 1181 A.T.U. - NEW YORK EMPLOYEES PENSION FUND
## RESTATED AGREEMENT AND DECLARATION OF TRUST

THIS AGREEMENT AND DECLARATION OF TRUST is restated effective September 1, 2014.

### WITNESSETH:

WHEREAS, the Board of Trustees of the Division 1181 A.T.U. - New York Employees Pension Fund and Plan have previously adopted a combined Agreement and Declaration of Trust and Plan; and

WHEREAS, the Board of Trustees previously adopted a Restated Agreement and Declaration of Trust and Plan of Benefits as separate documents and to revise the provisions relating to the operation of the Division 1181 A.T.U. - New York Employees Pension Fund and Plan;

WHEREAS, the Trustees wish to amend and restate said Restated Agreement and Declaration of Trust in its entirety, as herein set forth;

NOW THEREFORE, for and in consideration of the promises and mutual covenants herein contained, it is agreed that the Restated Agreement and Declaration of Trust and Plan, dated March 20, 1997 is hereby amended and restated as follows:

### ARTICLE I

### DEFINITIONS

**Section 1.**     "Agreement" means this restated Agreement and Declaration of Trust, as amended from time to time.

**Section 2.**     "Beneficiary" means a person designated by a Participant or by the terms of the Plan, who is or may become entitled to a benefit.

**Section 3.**     "Board of Trustees" or "Trustees" means those persons designated in accordance with Article III of this Agreement.

**Section 4.**     "Code" means the Internal Revenue Code of 1986, as amended from time to time, and the regulations promulgated thereunder.

**Section 5.**     "Contributions" or "Contribution" means the money paid or payable into the Fund by the Employer pursuant to a collective bargaining agreement or any other written agreement between an employer and the Union or, in the case of the Union, the Fund, the Welfare Fund, or the Credit Union, pursuant to a written agreement which so obligates that entity to pay such money.

**Section 6.**     "Credit Union" means the Division 1181-1061 A.T.U. Federal Credit Union.

**Section 7.**     (a)     "Employee" means any person covered by a collective bargaining agreement or any other written agreement between an Employer and the Union and who is engaged in employment with respect to which the Employer is obligated to make Contributions to the Fund. "Employee" also includes owner-employees to the extent permitted by applicable law.

               (b)     "Employee" also means any employee of the Union, the Fund, the Welfare Fund, or the Credit Union who is engaged in employment with respect to which the Union, the Fund, the Welfare Fund, or the Credit Union is obligated pursuant to a written agreement to make Contributions to the Fund.

**Section 8.**     (a)     "Employer" means any employer that has a signed collective bargaining agreement or any other written agreement with the Union (and any amendments thereto or renewals thereof with the Union), or a written agreement with the Fund, obligating said employer to be bound to this Agreement, the Plan, and the actions of the Board of Trustees and to make Contributions to the Fund.

               (b)     "Employer" also means the Union, the Fund, the Welfare Fund, or the Credit Union to the extent they have entered into a written agreement binding them to make Contributions to the Fund. Notwithstanding this subsection, the Fund, the Welfare Fund, the Credit Union, or the Union shall not participate in the selection or replacement of Employer Trustees or vote as an employer in any matter.

**Section 9.**     "ERISA" means the Employee Retirement Income Security Act of 1974, as amended.

**Section 10.**     "Fund" means the Division 1181 A.T.U. - New York Employees Pension Fund.

**Section 11.**     "Named Fiduciary" means the Board of Trustees.

**Section 12.**     "Participant" shall mean a participant as defined in the Plan.

**Section 13.**     "Plan" means the Division 1181 A.T.U. - New York Employees Pension Plan established and maintained pursuant to this Agreement, as amended from time to time.

**Section 14.**     "Trust" shall mean the assets held by the Board of Trustees in the name of the Fund for the purposes set forth in this Agreement and the Plan and shall include the corpus and earnings, appreciation or additions therein and thereto.

**Section 15.**     "Union" means Division 1181-1061 Amalgamated Transit Union or any successor by combination, consolidation or merger. Any other labor organization may be permitted to participate in the Fund by the Board of Trustees; provided however, such other labor organization shall not be treated as the Union for the purposes of appointing Trustees.

**Section 16.**     "Welfare Fund" means the Division 1181 A.T.U. - New York Welfare Fund.

## ARTICLE II

## NAME AND PURPOSE OF THE TRUST

**Section 1.**     There is hereby established a Trust to be known as the Division 1181 A.T.U. - New York Employees Pension Fund.

**Section 2.**     The purpose of this Trust shall be to provide pension and related benefits to Participants and Beneficiaries benefits pursuant to the Agreement and Plan and in accordance with applicable law.

## ARTICLE III

## TRUSTEES

**Section 1.**     The Fund shall be administered by the Board of Trustees that shall consist of eight (8) Trustees, four (4) of whom represent Employers ("Employer Trustees") and four (4) of whom represent the Union ("Union Trustees").

**Section 2.**     As of the effective date of this Agreement, the following individuals had been designated as the Trustees and had consented to and accepted their appointment.

| Union Trustees | Employer Trustees |
|---|---|
| Michael Cordiello, Chairman | Neil Strahl, Secretary |
| Jean Claude Calixte | Stanley Brettschneider |
| James Hedge, Alternate | Neil Mancuso |

**Section 3.**     Each Trustee shall consent to and accept his or her appointment as Trustee in writing.

**Section 4.**     Each Trustee shall continue to serve during the existence of this Agreement and Plan until his or her death, incapacity, resignation or removal.

**Section 5.**     (a)     If a Union Trustee dies, becomes incapable of serving as a Trustee, resigns or is removed, the Union shall appoint a successor Union Trustee by submitting a written appointment with the Chairman and Secretary of the Board of Trustees.

(b)     If an Employer Trustee dies, becomes incapable of serving as a Trustee, resigns or is removed, the remaining Employer Trustees shall appoint a successor Employer Trustee by submitting a written appointment with the Chairman and Secretary of the Board of Trustees.

(c)     All appointments pursuant to this Section must be accompanied with a written acceptance by the appointed successor Trustee.

**Section 6.**     If a Trustee chooses to resign, he or she must give thirty (30) days prior written notice to the Chairman and to the Secretary of the Board of Trustees of his or her desire to resign. Such notice shall set forth the date on which the Trustee wishes his or her resignation to become effective. The effective date of resignation may not be less than thirty (30) days after the date the notice is sent to the Chairman and to the Secretary of the Board of Trustees unless the remaining Trustees unanimously agree to allow the effective date of the resignation to be on a date less than thirty (30) days after the date on which the resignation was sent.

**Section 7.**     (a)     An Employer Trustee may be removed from the Board of Trustees by a written notice submitted to the Chairman and Secretary of the Board of Trustees by the remaining Employer Trustees at least thirty (30) days prior to the effective date of the removal.

(b)     A Union Trustee may be removed from the Board of Trustees by a written notice submitted to the Chairman and Secretary of the Board of Trustees by the Union at least thirty (30) days prior to the effective date of removal.

(c)     No notice of removal pursuant to this Section is effective unless or until it contains or is accompanied by the name and written acceptance of the successor Trustee in accordance with this Article.

**Section 8.**     (a)     There is hereby imposed a duty to fill all vacancies promptly. Any Employer Trustee vacancy shall be filled by the Employer Trustees within ninety (90) days from the date the vacancy began, and any Union Trustee vacancy shall be filled by the Union within forty five (45) days from the date any such vacancy began.

(b)     If the Union fails to fill a vacancy within the ninety (90) day period described in the preceding subsection, then in such event the then serving Union Trustees shall have the right to fill such vacancy by an instrument in writing signed by said Trustees. In case any such Union Trustee vacancy is filled by action of the Union Trustees under the preceding sentence, any such Trustee may be removed by a written notice of removal from the Union. Such

notice of removal shall not become effective unless it contains the name and written acceptance of the person designated to fill the vacancy created by the removal. In the event such removal and/or continued vacancy continues for any reason for more than ninety (90) days, the Board of Trustees may petition any court of appropriate jurisdiction for appointment of a successor Trustee.

**Section 9.**    Any instrument of removal, or instrument of removal and appointment of a Trustee together with the written acceptance of, shall be effective when sent to the Chairman and to the Secretary of the Board of Trustees.

**Section 10.**    Each Trustee shall, immediately upon appointment as Trustee and upon acceptance of his or her appointment in writing, become vested with all the property, rights, powers and duties of a Trustee pursuant to this Agreement, and if necessary, notice of the appointment and acceptance shall be provided to any institution used as a depository for the Trust, as well as to any other institution or person holding any of the Trust.

**Section 11.**    Pending appointment of a successor Trustee in accordance with this Article, and subject to the provisions of Article IV, no vacancy on the Board of Trustees shall impair the power of the remaining Trustees to administer the Fund and the Plan.

**Section 12.**    It is the intent of the Board of Trustees that the Fund shall at all times be administered by an equal number of Employer and Union Trustees.

**Section 13**.    (a)    In addition, the Employer Trustees may designate, and remove, two Alternate Employer Trustees and the Union may designate, and remove, two Alternate Union Trustees. Each Alternate Trustee shall continue to serve during the existence of this Agreement and Plan until his or her death, incapacity, resignation or removal.

(b)    An Alternate Trustee shall only be authorized to act in the place and stead of a Trustee unable to act because of death, incapacity, resignation or absence from a meeting of the Trustees and an Alternate Trustee shall have no authority, duty or responsibility to act unless so authorized to act. As to matters for which he or she is so authorized to act, an Alternate Trustee shall be vested with all of the rights, powers, duties and responsibilities of a Trustee. Except to the extent provided by law, any Trustee in whose place and stead an Alternate Trustee is acting shall not be responsible for any acts taken or omitted to be taken by such Alternate Trustee and such Trustee shall be treated as if he or she had previously resigned in connection with any action taken or omitted to be taken by an Alternate Trustee in his or her place and stead. An Alternate Trustee shall evidence his or her acceptance to serve as such in the same manner as required of a Trustee.

(c)    When any Trustee expects to be absent from any meeting, he or she shall designate in writing before such meeting the Alternate Trustee who is to serve in his or her place. If an absent Trustee fails to do so, the Employer Trustees present at the meeting shall designate the Alternate Employer Trustee to serve at such meeting in place of an absent Employer Trustee and the Union Trustees present at the meeting shall designate the Alternate Union Trustee to serve at such meeting in place of an absent Union Trustee.

(d)     Alternate Trustees shall be entitled to attend all meetings of the Trustees.

## ARTICLE IV

## ORGANIZATION AND OPERATION
## OF THE BOARD OF TRUSTEES

**Section 1.**     (a)     The Board of Trustees shall meet whenever necessary to administer the Fund. Any Trustee may participate in a meeting of the Board of Trustees by means of a conference telephone or similar communication equipment allowing all persons participating in the meeting to hear each other at the same time. Participation by such means shall constitute presence in person at a meeting.

(b)     There shall be at least one regular meeting of the Board of Trustees per calendar year. Any regular meeting of the Board of Trustees shall be held at such time and place as agreed to by the Trustees. Written notice thereof shall be given not less than ten (10) or more than forty (40) days before such scheduled date.

(c)     The Chairman, the Secretary, or any two (2) Trustees may call a special meeting of the Board of Trustees by giving at least five (5) days written notice of the date, time and place thereof to the remainder of the Board of Trustees.

(d)     Meetings of the Board of Trustees also may be held at any time without notice if all of the Trustees consent in writing to meet without notice.

**Section 2.**     The Trustees shall designate one of their number to act as Chairman and one to act as Secretary. If the Chairman is an Employer Trustee the Secretary shall be a Union Trustee, and vice versa.

**Section 3**.     A quorum of the Board of Trustees shall consist of at least two (2) Employer Trustees and one (1) Union Trustee appearing in person. A quorum of the Board of Trustees shall entitle the Board of Trustees to act as the Named Fiduciary under ERISA.

**Section 4.**     Each Trustee shall have one (1) vote. Except as hereinafter provided, all matters shall be determined by a majority vote of all the Trustees voting, either in person or by proxy, at a meeting at which there is a quorum present. Anything herein to the contrary notwithstanding, if there should be more Union Trustees than Employer Trustees or more Employer Trustees than Union Trustees present, then each side shall have the same number of votes as the side that has the most number of Trustees present, it being the intent of the parties that each side (Union and Employer) shall have equal voting strength with the other at all times. In the event that any Trustee is absent without proxy or there exists a vacancy in any Trustee position, each Trustee on the absent Trustee's side who is present will receive a proportional share of the absent Trustees' vote so that equal votes are cast on each side. Any proxies must be annexed to the minutes of the meeting.

**Section 5.**     Any Union Trustee or Employer Trustee may, by written authorization, empower another Union or Employer Trustee, as the case may be, to act on his or her behalf and to use his or her name for execution or signature of any document for the purpose of administering the Fund.

**Section 6.**     If the circumstances require it, action may be taken by the Board of Trustees without a meeting provided there is unanimous written concurrence by all of the Trustees to the action to be taken.

## ARTICLE V

## MANAGEMENT AND ADMINISTRATION
## OF THE FUND AND PLAN

**Section 1.**     The Board of Trustees has the power and authority to administer the Trust, and the Plan, and to perform all acts, including those not specifically provided for in this Agreement, deemed necessary by the Board of Trustees to exercise and enforce all rights of the Fund, and to carry out their purposes.   This power and authority shall be vested exclusively with the Board of Trustees, except the Board of Trustees shall have the power to delegate fiduciary responsibilities to an independent fiduciary or to specified Trustees, provided such Trustees shall equally represent the Union and Employer Trustees.  The Board of Trustees shall also have the power to designate persons other than the Trustees to carry out fiduciary responsibilities as provided in this Agreement.

**Section 2.**     (a)     The Trustees are authorized to delegate custody of all or a portion of the Trust. Such custodian shall hold the Trust as directed in writing by the Board of Trustees. Such custodian shall receive such reasonable compensation, chargeable against the Trust, as shall be agreed to by the Board of Trustees.

(b)     The Board of Trustees is authorized to retain an investment agent or advisor, whether it be a bank or trust company or a corporation or an individual, to counsel and advise the Board of Trustees in all matters relating to investments and reinvestments, and to manage such investments. The Board of Trustees, as the Named Fiduciary of the Trust, may enter into a contract with an "investment manager" as defined by Section 3(38) of ERISA, in a manner consonant with said Section 3(38), for the professional management of the Trust. Such investment agent or manager shall receive such reasonable compensation, chargeable against the Fund, as shall be agreed to by the Board of Trustees.

(c)     The Board of Trustees is authorized to appoint a bank, trust company, insurance company or other financial institution as co-trustee ("Corporate Trustee"), and to enter into a contract with such Corporate Trustee to delegate all or part of the authority of the Board of Trustees with respect to the proper management of the Fund. The Board of Trustees may convey and transfer to the Corporate Trustee all or part of the Trust. Such Corporate Trustee shall

receive such reasonable compensation, chargeable against the Fund, as shall be agreed to by the Board of Trustees.

(d)     The Board of Trustees may delegate certain duties to an administrative manager.

(e)     The Board of Trustees may delegate any administrative duties to any agent or employee of the Board of Trustees.

**Section 3.**     In operating and administering the Fund, the powers and/or duties of the Board of Trustees, or its designee, shall include, but not be limited to, the following:

(a)     To administer this Agreement and Plan for the exclusive benefit of the Participants and Beneficiaries.

(b)     To establish the policy and the rules pursuant to which this Agreement and Plan are to be operated and administered, including rules relating to the collection of contributions and other payments, and amend such from time to time as necessary or appropriate; provided however, that such rules cannot conflict with the collective bargaining agreement or any other written agreement between an employer and the Union then in effect between the Employers and the Union.

(c)     To formulate and establish the conditions of eligibility with respect to the provisions and payment of benefits and formulate all other provisions, including all details pertaining to insurance policies or contracts if they are part of the Plan, which may be required or necessary in order to carry out the intent and purpose of this Agreement and Plan, and amend them from time to time, as necessary or appropriate.

(d)     To provide for payment of benefits to persons eligible to receive benefits as determined by the Board of Trustees under the procedures contained in this Agreement, the Plan and any rules promulgated by the Board of Trustees.

(e)     To adopt a claims and appeals procedure granting a Participant and his or her Beneficiary the right to be informed of the Board of Trustees' decision regarding payment of his or her benefit, and the right to know the reasons for any denial of a benefit.

(f)     To receive and collect all Contributions and other amounts due to and payable to the Fund. In so doing, the Board of Trustees, in its sole discretion, shall have the right to maintain any and all actions and legal proceedings necessary for the collection of the Contributions or payments provided for and required and the right to prosecute, defend, compromise, settle, abandon or adjust, by arbitration or otherwise, any such actions, suits, proceedings, disputes, claims, details and things. The Board of Trustees has the power and authority to pay and provide for the payment of all reasonable and necessary expenses of collecting the Contributions or payments and the power and authority to establish rules and regulations setting

forth the method of collection of Contributions and payments and when such matters should be settled or compromised.

(g)     To invest and reinvest all or part of the principal and income of the Trust and keep the same invested, without distinction between principal and income, as the Board of Trustees or such other persons as may be properly designated hereunder shall determine, in such securities or in such property, real or personal, or share or part thereof, or part interest therein, wherever situated, as the Board of Trustees shall deem advisable, including, but not limited to, governmental, corporate or personal obligations, shares of stock, common or preferred, whether or not listed on any exchange, participations in mutual investment funds, bonds and mortgages, and other evidences of indebtedness or ownership, including stocks, bonds or other obligations, secured by personal obligations, shares of stock, common or preferred, whether or not listed on any exchange, participations in mutual investment funds, bonds and mortgages, and other evidences of indebtedness or ownership, including stocks, bonds or other obligations, secured by personal property. To the extent permitted by ERISA, the Trustees are authorized to invest assets of the Fund in deposits described in Section 408(b)(4) of ERISA, and in common or collective trust funds or pooled investment funds, including but not limited to those described in Section 408(b)(8) of ERISA. Investments and reinvestments may be made in such investments as would be made by a person with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims, even though such investments may not be legal for trust funds under any state law or the law of the State of New York.

(h)     To decide, if the Board of Trustees so chooses, to purchase insurance or enter into contracts, and to retain, administer, surrender or assign any such insurance or contracts and to pay the premiums thereon and to exercise all of the rights, provisions and options in any such insurance policies or contracts.

(i)     To sell, convey, transfer, exchange, partition, lease for any term, mortgage, pledge or otherwise dispose of any and all property, real or personal or to grant options with respect to any property held by the Board of Trustees. Any sale, option or other disposition of property may be at such time and on such terms as the Board of Trustees sees fit. Any sale, option or other disposition of property may be made for cash or upon credit, or partly in cash and partly on credit. No person dealing with the Board of Trustees shall be bound to see to the application of the purchase money or to inquire into the validity, expedience or propriety of any such sale, option, or other disposition.

To receive, hold, manage, invest, reinvest, improve, repair and control all monies and property, real or personal, at any time forming part of the Trust.

(k)     To purchase and sell contracts or other properties through such broker or brokers as the Board of Trustees may choose.

(1)     To vote or refrain from voting upon any stocks, bonds or other securities; to give general or special proxies or powers of attorneys with or without power of

substitution; to appoint one or more individuals or corporations as voting trustees under voting trust agreements and pursuant to such voting agreements to delegate to such voting trustees discretion to vote; to exercise any conversion privileges, subscription rights or other options, and to make any payments incidental thereto; to oppose, or to consent to, or otherwise participate in, corporate reorganizations or other changes affecting corporate securities, and to pay any assessments or charges in connection therewith; and generally to exercise any of the powers of an owner with respect to property held as part of the Trust.

(m)    To cause any securities or other property to be registered in the name of the Plan, the Board of Trustees, a custodian or in the name of a nominee without designating the same as Fund property, and to hold any investments in bearer form or otherwise in such form that title passes by delivery, but the books and records of the Board of Trustees shall at all times show that all such investments are part of the Trust.

(n)    To deposit any funds received by the Trust in such bank or banks or savings institutions as the Board of Trustees may designate for that purpose; provided, however, that the depository bank or banks or savings institution shall be members of or insured by the Federal Deposit Insurance Corporation or Federal Savings and Loan Insurance Corporation. Such deposits may be made in interest bearing or non-interest bearing accounts. The withdrawing of funds in excess of $250.00 from the designated depository bank or banks or savings institutions except for transfers between depositories shall be made only by check or other withdrawal form signed manually or by facsimile by at least two (2) Trustees, one (1) of whom shall be a Union Trustee and one (1) of whom shall be an Employer Trustee, or in the alternative by the administrative manager and at least one (1) Trustee, either a Union Trustee or an Employer Trustee.

(o)    To borrow or raise money for the purposes of the Fund in such amount, and upon such terms and conditions as the Board of Trustees shall deem advisable; and for any sums borrowed to issue a promissory note of the Fund, and if the Board of Trustees so decides to secure the repayment thereof by creating a security interest in all or any part of the Trust; and no person lending such money shall be obligated to see that the money lent is applied to Trust purposes or to inquire into the validity, expedience or propriety of any such borrowing.

(p)    To reserve and keep unproductive such amount of the Trust as the Board of Trustees may determine to be advisable, without liability for interest on such amounts.

(q)    To make, execute, acknowledge and deliver any and all documents of transfer and conveyance, including but not limited to, deeds, leases, mortgages, conveyances, contracts, waivers and releases, and any and all other instruments that may be necessary or appropriate to carry out the powers herein granted. In exercising the Board of Trustees' authority to enter into such documents, instruments, contracts and agreements, any two (2) Trustees, one (1) of which is an Employer Trustee, and one (1) of which is a Union Trustee, shall have authority to execute such documents, instruments, contracts or agreements on behalf of the Board of Trustees, binding the Fund, pursuant to a resolution of the Board of Trustees authorizing such execution.

(r)     To renew or extend or participate in the renewal or extension of any mortgage, upon such terms as may be deemed advisable, and to agree to a reduction in the rate of interest on any mortgage or to any other modification or change in the terms of any mortgage, or of any guarantee pertaining thereto, in any manner and to any extent that may be deemed advisable for the protection of the Trust or the preservation of any covenant or conditions of any mortgage, or in the performance of any guarantee or to enforce any such default in such manner and to such extent as may be deemed advisable: to exercise and enforce any and all rights of foreclosure, to bind in property on foreclosure, to take a deed in lieu of foreclosure with or without paying any consideration therefore, and in connection therewith to release the obligation on the bond secured by such mortgage and to exercise and enforce in any action, suit or proceeding at law or in equity any rights or remedies in respect of any such mortgage or guarantee.

(s)     To employ, pay and provide for the payment of all reasonable expenses which may be incurred in connection with the establishment and operation of the Fund, such as, but not necessarily limited to, expenses for the employment of administrative, legal, expert and clerical assistance, actuarial or other consulting services, the purchase or lease of premises to be used and occupied by the Fund, and expenses of any meetings of the Board of Trustees, the purchase or the lease of such materials, supplies and equipment as the Board of Trustees, in its discretion, finds necessary or appropriate in the exercising of their rights and duties as Trustees, the costs of any arbitration, if required, and the costs and expenses or attendance by the Trustees, or any member of the staff of the Fund at any educational conference, seminar or other meeting, when deemed by the Board of Trustees, in its discretion, to be for the benefit of the Fund.

(t)     To form a corporation under the laws of any jurisdiction, to participate in the forming of any such corporation or acquire an interest in or otherwise make use of any corporation already formed, for the purpose of investing in and holding title to any property.

(u)     To keep true and accurate books of account and records of all of the transactions of the Fund, including at least an annual valuation of the assets and liabilities of the Fund, unless such annual valuation is omitted for one or more years upon the specific authorization of the Board of Trustees, and to have an audit made of all books and records by a certified public accountant which shall be made available to the Employers and to the Union, if requested in writing, and also placed in the office of the Fund.

(v)     To determine from time to time to what extent, subject to applicable law, at what times and places and under what conditions and regulations the books of the Fund shall be open for inspection; and no Employer or representative of or member of the Union shall have any right to inspect any book or document of the Fund except in accordance with such conditions and regulations, if any, as may be so prescribed from time to time by the Board of Trustees, or except as required by any applicable law.

(w)     To establish and carry out a funding policy consistent with the purposes of the Fund and the requirements of applicable law, as may be appropriate from time to time. As part of such funding policy, the Board of Trustees shall from time to time exercise its

investment discretion, by itself or through an investment manager or counselor, so as to provide sufficient cash assets in an amount determined by the Board of Trustees, under the funding policy then in effect, necessary to meet the liquidity requirements for the administration of the Fund. The Board of Trustees shall endeavor to have income and contributions meet expected liabilities.

(x)    To submit this Agreement and the Plan, and any amendments to either, for approval to the United States Treasury Department, Commissioner of Internal Revenue, so that it may be ruled to be qualified and exempt from taxation under the provisions of the Internal Revenue Code, as they exist or may be amended, and if possible permit the Employer's contributions to be deductible for tax purposes; to make whatever changes are, or may at any time be or become, necessary in this Agreement or in the Plan, in order to receive and retain such approval of the Commissioner of Internal Revenue.

(y)    To admit to participation in this Fund any Employer that signs a collective bargaining agreement or any other written agreement between an employer and the Union, or a written agreement with the Fund, obligating said Employer to make payments to the Fund.

(z)    To construe the terms and provisions of this Agreement, the Plan and all other supplementary rules or regulations. The construction adopted by the Board of Trustees in good faith shall be binding upon the Employers, the Union, the Employees and all other persons who may be involved or affected.

(aa)    To merge the Trust and Plan with a similar Plan, Trust or Trust Fund or to transfer assets and/or liabilities to, or receive from, such a Trust and Plan, if in accordance with applicable law.

(bb)    To prepare, execute, file and retain a copy for the Fund records, all reports required by law or deemed by the Board of Trustees to be necessary or appropriate for the proper administration and operation of the Fund.

(cc)    To prosecute, defend, compromise, settle, abandon or adjust, any suits, proceedings, arbitrations, disputes or claims.

(dd)    To procure and maintain at the expense of the Fund such bonds as are required by law, together with such additional bonding coverage as the Board of Trustees may determine, for the Board of Trustees, employees of the Fund, any agents acting on behalf of or retained by the Board of Trustees, and persons to whom fiduciary responsibilities have been delegated.

(ee)    To continue to have and to exercise after the termination of the Fund and until final distribution, all of the title, powers, discretions, rights and duties conferred or imposed upon the Trustees hereunder, or by law.

(ff)     To perform and do any and all such actions and things that may be properly incidental to the exercising of the powers, rights, duties and responsibilities of the Board of Trustees.

## ARTICLE VI

### LIABILITY OF TRUSTEES,
### PAYMENT OF EXPENSES

**Section 1.**     A Trustee shall be protected in acting in good faith upon any paper or document believed by the Trustee to be genuine and believed to have been made, executed or delivered. So long as the Trustee commits no act of willful misconduct or gross negligence, the Trustee shall not be held personally liable for any liability or debts contracted as a Trustee, or for any actions or failure to act as a Trustee or of any person acting for him as a Trustee, to the fullest extent allowed under ERISA.

**Section 2.**     The Trustees shall not be liable for the proper application of any part of the Fund or for any other liability arising in connection with the administration or operation of the Fund, except as herein specifically provided, to the fullest extent allowed under ERISA.

**Section 3.**     The Board of Trustees may designate legal counsel for the Fund. The Trustees shall be fully protected in acting and relying upon the advice of such legal counsel in the administration or application of the Fund.

**Section 4.**     The Board of Trustees may seek protection by any act or proceeding that they may deem necessary in order to settle their accounts; the Board of Trustees may obtain a judicial determination or declaratory judgment as to any question of construction of the Agreement or Plan, or as to any act thereunder.

**Section 5.**     The Fund shall, in the absence of bad faith and gross negligence, hold Trustees harmless for their acts as Trustees to the fullest extent allowed under ERISA, as amended, to the extent they are not covered by insurance, or indemnified by their employer. This right of indemnification shall survive each Trustee's period of service to the Fund, for acts or omissions which occurred during said period of service.

**Section 6.**     The reasonable costs and expenses of any action, suit, investigation, claim or proceeding brought by or against any Trustee or former Trustee, which costs and expenses shall include counsel fees, shall be paid from the Fund, except in relation to matters as to which it shall be adjudged in such action, suit or proceeding that the Trustee or former Trustee was grossly negligent or was guilty of willful misconduct in the performance of such Trustee's or former Trustee's duties. Such reimbursement shall be to the fullest extent allowed by law, except that the Fund may not reimburse Trustees or former Trustees for expenses covered by insurance or reimbursed by any Trustee's or former Trustee's employer.

**Section 7.**     A Trustee shall not be bound by any notice, declaration, regulation, advice

or request unless and until it shall have been received by the Trustee.

**Section 8.**    No person, partnership, corporation or association dealing with the Board of Trustees shall be obligated to see to the application of any funds or property of the Fund or to see that the terms of this Agreement or the Plan have been complied with or be obligated to inquire into the necessity or expedience of any act of the Board of Trustees; and every instrument effected by the Board of Trustees shall be conclusive in favor of any person, partnership, corporation or association relying therein that: (a) at the time of delivery of said instrument, this Agreement was in full force and effect and (b) the said instrument was effected in accordance with the terms and conditions of this Agreement and the Plan, and (c) the Board of Trustees was duly authorized to execute such instrument.

**Section 9.**    The Trustees shall receive no compensation for their services, but may, at the discretion of the Board of Trustees, be paid in advance, or be reimbursed, from the Fund for all reasonable and necessary expenses which they are about to incur, or incur, in the performance of their duties.

**Section 10.**    The Trustees shall be bonded by a duly authorized surety company in an amount designated by the Board of Trustees, but not less than any amount required under any applicable law. The cost of the premiums of such bonds shall be paid out of the Trust.

**ARTICLE VII**

**<u>CONTRIBUTIONS TO THE FUND</u>**

**Section 1.**    The Contributions of the Employers shall be made in the amounts set forth in the collective bargaining agreements or any other written agreement between an employer and the Union, or any written agreement with the Fund, and any amendments thereto, which may presently be in existence, or which may be hereafter made by and between the Employers and the Union or Fund. The Union's or the Fund's Contributions, if any, for its Employees shall be in such amount as shall be agreed to in the written agreement signed by it. The Contributions by the Employers shall be made in accordance with this Agreement and the Plan, and any rules or regulations promulgated by the Board of Trustees in connection therewith.

**Section 2.**    The Contributions of an Employer shall be made as required by the collective bargaining agreement or any other written agreement between an Employer and the Union and shall continue to be paid as long as the Employer is so obligated pursuant to the collective bargaining agreement or any other written agreement between an Employer and the Union, or any other written agreement between the Employer and the Fund, or, upon expiration of the collective bargaining agreement or any other written agreement between an Employer and the Union, until it is no longer under a duty to make such contributions pursuant to an obligation arising under the National Labor Relations Act, or until it ceases to be an Employer within the meaning of this Agreement as hereinunder provided. The Trustees may enforce such Contribution obligation in a United States District Court.

**Section 3.**     The Board of Trustees may compel and enforce the payment of the Contributions due in any manner which it may deem proper, subject to any rules established by the Board of Trustees for collection of delinquent Contributions. However, the Board of Trustees shall not be required to compel and enforce the payments of Contributions, or to be personally or collectively responsible therefore, if, in the opinion of the Board of Trustees, the enforcement of the payment of Contributions would involve an expense greater to the Fund than the amount to be obtained from any effort to compel or enforce the payment of the Contributions.

**Section 4.**     An Employer shall not have the duty or obligation to collect, receive or pay over any of the Contributions required to be made and to be paid by another Employer, nor shall an Employer or the Union be deemed guarantors or sureties in respect to any Contributions from another Employer.

**Section 5.**     Each Employer shall promptly furnish to the Board of Trustees on demand, any and all records relating to such Employer's Employees determined by the Board of Trustees to be needed to determine that appropriate Contributions are being made to the Fund.

**Section 6.**     The Board of Trustees shall have authority to retain an accountant or accounting firm or employ a staff to perform payroll audits of the Employers to determine whether the correct amount of Contributions were being made, or it may accept the results or audits performed by the Employers' independent certified public accountants.

**Section 7.**     The obligations assumed by each Employer hereunder shall be binding upon such Employer's successors and assigns.

**Section 8.**     The Board of Trustees may take any action necessary to enforce payment of the contributions, including, but not limited to instituting proceedings at law or equity (and the expenditure for legal fees and costs), or they may, for good reason, in their sole discretion, refrain from taking any such action.

**Section 9.**     Nonpayment by an Employer of any Contributions when due shall not relieve any other Employer from the obligation to make contributions. An Employer that does not pay Contributions when due shall be obligated to pay all of the following in addition to any penalties required under any applicable collective bargaining agreement or any other written agreement between an employer and the Union or other contract:

        (a)    the unpaid Contributions;

        (b)    interest on the unpaid Contributions at such rates as the Trustees may fix from time to time or in particular cases;

        (c)    an amount equal to the greater of -- (i) interest on the unpaid Contributions at the rate specified above; or (ii) liquidated damages of twenty percent (20%) of the amount of the unpaid contributions, or such higher percentage as may be permitted under applicable law;

(d)      reasonable fees and all costs (including but not limited to attorneys' and accountants' fees) incurred:

(1)      to determine, discover and collect delinquent Contributions,

(2)      to obtain the information necessary to properly allocate, credit and record such Contributions as necessary to administer the Fund,

(3)      to enforce the Trustees' right to audit the employer's payroll records,

shall be due to the Fund from the delinquent Employer, including, but not limited to, payroll audit fees incurred to verify that Contributions are properly made and reported to the Fund, any other fees incurred in determining, discovering and collecting Contributions from the Employer, arbitration fees, filing fees, arbitrator's fees, fees for service of process, travel, copying charges, postage, expert fees, and such other costs to determine, discover and collect any of the amounts described in (a) through (c); and

(e)      such other amounts as a court may award, in the situation in which the Fund institutes judicial proceedings to collect delinquent Contributions.

In addition, the Board of Trustees may require a bond or cash deposit as security for prompt future payments of Contributions in the event an Employer is, in the discretion of the Board of Trustees, habitually delinquent in paying contributions to the Fund.

**Section 10.**    In the event an Employer mistakenly makes a Contribution or makes a Contribution in excess of that required and the Employer notifies the Fund of such overpayment, the Fund may reimburse the Employer within six months after the Trustees determine that a mistake occurred.

**Section 11.**    The Board of Trustees shall have the power to make rules establishing procedures for the collection of delinquent Contribution accounts.

# ARTICLE VIII

## MULTIEMPLOYER PLAN

It is the intent that this Agreement and the Plan, to the extent permitted by applicable law, be administered and operated as a multiemployer plan.

# ARTICLE IX

## INTERPRETATION

**Section 1.**     This Agreement may be executed in one or more counterparts. The signature of a party on any counterpart shall be sufficient evidence of his execution hereof.

**Section 2.**     The Board of Trustees shall have the exclusive power to interpret, apply, construe, and amend the provisions of this Agreement, the Pension Plan and any related documents and underling policies, and make factual determinations regarding its construction, interpretation and application, and any construction, interpretation and application adopted by the Trustees in good faith shall be binding upon the Union, the Employer, as well as upon Employees, Participants, Beneficiaries, and all other persons who may be involved or affected.

**Section 3.**     In the event that any provisions of this Agreement or the Plan shall be held illegal or invalid for any reason, said illegality or invalidity shall not affect the remaining provisions of this Agreement and the Plan. The provisions held illegal or invalid shall be fully severable and the Agreement and the Plan shall be construed and enforced as if said illegal or invalid provisions had never been inserted.

**Section 4.**     This Trust is accepted by the Trustees and all questions pertaining to its validity, construction and administration shall be determined in accordance with ERISA. To the extent such law may not apply, the laws of the State of New York shall govern.

**Section 5.**     Wherever any words are used in this Agreement in the masculine gender, they shall be construed as though they were also used in the feminine gender in all situations where they would so apply, and wherever any words are used in this Agreement in the singular form they shall be construed as though they were also in the plural form in all situations where they would so apply, and wherever any words are used in this Agreement in the plural form, they shall be construed as though they were also used in the singular form in all situations where they would so apply.

# ARTICLE X

## TERMINATION

This Agreement and the Plan may be terminated by the Board of Trustees, by unanimous vote, by an instrument in writing executed by mutual consent at any time, subject to the collective bargaining agreements or any other written agreement between an employer and the Union and applicable law. The Plan shall terminate when all Employers cease to be Employers as defined herein.

# ARTICLE XI

## ARBITRATION

If the Board of Trustees is unable to agree upon or to settle any of the matters that arise during the administration of this Fund, then upon written notice by the Union Trustees or Employer Trustees, as the case may be, of the intent to arbitrate, the Board of Trustees shall promptly agree upon an impartial arbitrator to decide the matters in dispute. If the Board of Trustees, within thirty (30) days after the matter in dispute has arisen, is unable to agree upon the selection of an impartial arbitrator, then either the Union Trustees or Employer Trustees may submit the dispute to the impartial arbitrator designated in the collective bargaining agreement between the Union and the Employer, if any. The arbitrator shall promptly hear and render a final decision upon the matter in dispute, but said arbitrator shall not have the power or authority to modify the basic provisions of the Agreement or the Plan. All costs of the arbitration shall be paid out of the Fund. It shall be incumbent upon the Board of Trustees to take or omit taking any action which may be indicated or necessary to give effect to the arbitrator's decision.

# ARTICLE XII

## MISCELLANEOUS

**Section 1.**    Amendment. The provisions of this Agreement and of the Plan may be amended at any time, and from time to time by a majority of all Trustees voting in person or by proxy at a meeting of which there is a quorum present, subject to the collective bargaining agreements or any other written agreement between an employer and the Union, and applicable law, ruling or regulation.

**Section 2.**    Renewals and Extension. The provisions of this Agreement shall continue in effect during the term of the collective bargaining agreements or any other written agreement between an employer and the Union, and any remaining agreement that provides for the continuation of payments into the Fund and for the period thereafter necessary to terminate the Fund and Trust.

**Section 3.**     Duration. It is the intent of the parties that the Fund and Plan have perpetual duration, subject, however, to the collective bargaining process.

**Section 4.**     Disposition of Funds on Termination Pursuant to Article X. Upon termination of the Trust it shall be divided in accordance with the Plan, or in the absence of such a Plan provision, in accordance with the Board of Trustees' determination. In no event shall any assets of the Trust revert to any Employer.

**Section 5.**     Fiscal Year. The Fiscal Year and the Plan Year of the Fund shall be September 1 - August 31.

**Section 6.**     Agent for Service of Process. The agent for service of process on the Fund or the Plan or any of the Trustees shall be the person designated in the Plan or Summary Plan Description.

**Section 7**.     Notices. Notices required to be given under this Trust shall be deemed received on the earliest date received as indicated by the postmark date, or the date of actual receipt, if earlier.

**ARTICLE XIII**

**EMPLOYER LEGAL OBLIGATIONS AND LIABILITIES**

**Section 1.**     Each Employer shall be responsible for providing notice to the Fund as required under any applicable law. Each Employer shall comply with any notification requirement by providing written notice to the appropriate individual to whom the Board of Trustees has delegated responsibility for the daily administration of the Fund. If the Board of Trustees has not so delegated administrative responsibility, the Employer shall comply with this notification requirement by providing written notification to a member of the Board of Trustees. In the event that an Employer fails to comply with the notification requirements set forth herein, and as a result causes the Fund, in whole or in part, to be subject to liability, the Employer shall be liable for the payment of such liability. In the event that the Employer fails to pay such amount, the Employer shall indemnify and hold harmless the Fund for any and all losses resulting from the Employer's failure to pay such amounts.

**Section 2.**     In the event an Employee becomes absent from a position of employment with an Employer to begin service covered under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), and the Employee is entitled to benefit accrual and vesting credit under applicable law, the last Employer employing the Employee before the individual commences such service shall not be liable for making contributions on behalf of such individual.

## ARTICLE XIV

### <u>EMPLOYEES' RIGHTS</u>

No Employee, or any person claiming by or through any Employee by reason of having been named a Beneficiary by the Employee or otherwise, or any Employer, or the Union, or any other person, partnership, corporation or association shall have any right, title or interest in the Trust or any part thereof Title to all of the money, property and income paid into or acquired by or accrued to the Trust shall be vested in and remain exclusively in the Board of Trustees and it is the intention of the parties hereto that said Trust shall constitute an irrevocable trust. Except to the extent that such rights or interests may be expressly granted under the provisions of the Plan, or as permitted under applicable law, no benefits or monies payable from the Trust shall be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance or charge and any attempt to so anticipate, alienate, sell, transfer, assign, pledge, encumber or charge the same shall be void. The monies to be paid into said Trust shall not constitute or be deemed monies due to the individual Employee, nor shall said monies in any manner be liable for or subject to the debts, contracts, liabilities, or torts of the parties entitled to such money upon a termination of the Trust, except to the extent that such rights or interests may be expressly granted under the provisions of the Plan, or as permitted under applicable law.

**IN WITNESS WHEREOF** the undersigned have set their hands as of the date(s) indicated below.

Date: ___1/8/15___

Date: ___1/6/15___

20209775v1

___Michael Cordillo___
**CHAIRMAN**

_____
**SECRETARY**

22